SCANNED at WVCF and Emailed on 7-5-20 by NS - 23 pages.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

FILED
07/05/2022
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

DOMANIQUE JOHNSON, )
    Plaintiff, )
                 )
V.                  )   CAUSE NO. 2:22-cv-00268-JPH-DLP
                 )
STG. AGELESE, et al, )
    Defendant, )

## COMPLAINT FOR DAMAGES
## AND REQUEST FOR TRIAL BY JURY

Comes now _Domanique Johnson_, Plaintiff, pro se, and states:

### I. INTRODUCTION

1. This lawsuit concerns the violation on Plaintiff's 8th Amendment right in which prison staff were deliberately indifferent to Plaintiff serious medical need.
2. This lawsuit concern the violations on Plaintiff's Indiana Const. Article 1 § 12, 15, 16.
3. This lawsuit concerns Indiana Tort Law.

### II. JURISDICTION

1. This Court has jurisdiction of this case pursuant to **28 U.S.C. § 1331 and 1342.**

2. Venue is proper in the Southern District of Indiana, Terre Haute Division, pursuant to **U.S.C. § 1391 (b)**, which allows for an action to be brought in the district where the Defendants reside or in which the cause of action arose. This cause of action arose in Sullivan County, Indiana, which is in the Southern District of Indiana, Terre Haute Albany Division. The Defendants are employed in Sullivan County.

1

3. This lawsuit arise under 42 U.S.C. § 1983 to redress the deprivation of rights privileges and immunities secured by the United State Constitution.

4. This court has jurisdiction over Plaintiff's state law claims pursuant to **U.S.C 1367.**

### III.    PARTIES

5. Plaintiff, _Domanique Johnson_, ("Plaintiff"), is an adult who is and, at all times relevant to this complaint, was incarcerated in the Indiana Department of Corrections, at the Wabash Valley Correctional Facility, in Sullivan, Indiana.

### *NURSE AT WABASH VALLEY*

6. Defendant Nurse Heather is an adult who, during Plaintiff's placement in Wabash Valley Corr. Facility, was employed with the Indiana Department of Corrections as a nurse, at the Wabash Valley Correctional Facility, in Sullivan County, Indiana, which has mailing address 6908 S. Old US Hwy 41, P.O. Box 500, Carlisle, IN 47838. She is being sued in his individual capacity.

### *CUSTODY STAFF AT WABASH VALLEY*

7. Defendant SGT. Agelese is an adult who, during Plaintiff's placement at Wabash Valley Corr. Facility was employed with the Indiana Department of Correction as Sergeant of P-Cell-House at Wabash Valley Correction Facility, in Sullivan County Indiana, which has a mailing address of **6908 S. Old US Hwy 41, P.O. Box 500, Carlisle, IN 47838.** He is being sued in his individual capacity.

8. Defendant Correctional Officer Tarr is an adult who was employed with the Indiana Department Correction as correctional officer. She was and is currently employed at Wabash Valley Correctional Facility, in Sullivan County, Indiana, which has a mailing address of **6908 S. Old US Hwy 41,**

2

**P.O. Box 500, Carlisle, IN 47838.** She is being sued in his individual capacity.

9.

## IV. GRIEVANCE EXHUASTION

10. The Plaintiff properly exhausted his administrative remedies at all levels.[1]

## V. FACTS

11. On February 7, 2022, the Plaintiff went medical for an x-ray and the x-ray revealed that the Plaintiff had broken screws in his foot from a past injury. Do to the plaintiff injury the Plaintiff first informed Nurse Heather that he live on the top range in P-Cell House and would have trouble with getting up the stairs. Nurse Heather acted "deliberately in different" to the Plaintiff serious medical need when she failed to inform custody staff that the Plaintiff wound need to be moved immediately to the lower range of P-Cell House. Nurse Heather acted outside the scope of her employment when she failed to take this step.[2]

12. When Nurse Heather failed to take in counter measure to ensure the Plaintiff safety. The Plaintiff then notified custody staff in P-Cell house. The Plaintiff first notified C/o Tarr that he would have problems going up the stairs do to the fact of being on crutches and do to the fact of his foot injury. Defendant Tarr shirk her duties by first failing notify her supervisor about the Plaintiff medical condition and secondly requesting an immediate bed move. By her failures to do this she willfully acted outside the scope of her employment and shirk her duties as a correctional officer. Defendant Tarr acted deliberately indifferent to the Plaintiff serious medical need.

13. The Plaintiff then informed Sergeant Agelese when C/o Tarr failed to take any action. The Plaintiff realized that he was having a difficult time trying to go up the stairs on crutches. The Plaintiff notified Sgt. Agelese that he had broken screws in his foot and almost fell backward going up the stairs. The Plaintiff asked Sgt. Agelese to please move him to the bottom range. Sgt.

---

[1] See. Grievance Attachment
[2] The Plaintiff broken screws in his foot would need to be fixed by surgery.

3

Agelese failed to act when he visibly seen the Plaintiff on crutches and in a feeble state. Sgt. Ageles shirk his duties and acted outside the scope of his employment when he to failed to notify his shift Lt., and request a bed move for the Plaintiff safety. Sgt. Agelese acted deliberately indifferent to the Plaintiff serious medical need.

14. On February 9th, 2022 as the Plaintiff was trying to go up the stairs and as he almost made it to the top. The Plaintiff fell backwards down a steel stair case and injured his foot and body. The Plaintiff now suffered serious pains in his foot and body. The Plaintiff injured his foot again making his current injury worse.

15. The Plaintiff was sent to medical with the aid of help and only then was a bed moved placed moving the Plaintiff to the bottom range.

## VI.   LEGAL CLAIMS

1. All the above stated facts, including the descriptions of the defendants and introduction, are incorporated into the following legal claims.

2. This lawsuit concerns the violation on Plaintiff's 8th Amendment right in which prison staff were deliberately indifferent to Plaintiff serious medical need.

3. This lawsuit concern the violations on Plaintiff's Indiana Const. Article 1 § 12, 15, 16.

4. This lawsuit concerns Indiana Tort Law.

## VII.   JURY DEMAND

1. Plaintiff's requests a trial by jury.

## VIII.   REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court:

1. Award Plaintiff his damages, including actual and compensatory damages and punitive damages (Compensation of the amount of $350,000 and

4

Punitive damages in the amount of $100,000 from each defendant), cost and fees of filing this civil action.

2. Plaintiff request transfer from Wabash Valley Corr. Facility.

3. Award Plaintiff all proper and just relief.

Respectfully Submitted,

Domanique Johnson # 178369
Wabash Valley Corr. Facility
P.O. BOX 1111
Carlisle, IN 47838

## CERTIFICATE OF SERVICE

I _D. Johnson_ hereby affirm that a copy of this complaint was sent to the Indiana Attorney General Office upon screening of said complaint.